**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 15, 2014

LETTER TO COUNSEL

      RE:    *Jamie Kitts v. Commissioner, Social Security Administration*;
                Civil No. SAG-14-826

Dear Counsel:

      On March 18, 2014, Plaintiff Jamie Kitts petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, vacate the opinion of the Administrative Law Judge, and remand the case to the Commissioner. This letter explains my rationale.

      Mr. Kitts protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income on November 16 and 30, 2010, respectively. (Tr. 93, 94, 206–21). He initially alleged a disability onset date of August 15, 2006, which he later amended to March 31, 2008, his date last insured.[1] (Tr. 206, 213, 65–66). His claims were denied initially and on reconsideration. (Tr. 104–11, 116–21). A hearing was held on January 8, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 63–92). Following the hearing, the ALJ determined that Mr. Kitts was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 47–59). The Appeals Council denied Mr. Kitts's request for review, (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Kitts suffered from the severe impairment of traumatic fracture of the spine with postoperative complications including infection. (Tr. 52). Despite this

---

[1] The period of time relevant to Mr. Kitts's DIB claim is that between his alleged onset date and his date last insured, which are both March 31, 2008. 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. §§ 404.101(a), 404.131(a). Accordingly, for Mr. Kitts to establish that he is entitled to DIB, he must demonstrate that he was disabled on March 31, 2008. Medical evidence between Mr. Kitts's November 30, 2010, SSI application date and the date of the ALJ's January 29, 2013, opinion is relevant only to Mr. Kitts's SSI claim. Evidence from the period between Mr. Kitts's date last insured and his SSI application date is only relevant to the extent it could establish disability during one of the two relevant periods. *See Bird v. Comm'r Social Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012) (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)).

*Jamie Kitts v. Commissioner, Social Security Administration*
Civil No. SAG-14-826
December 15, 2014
Page 2

impairment, the ALJ determined that Mr. Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant must sit at hourly intervals for brief period in place: can understand remember and carry out simple instructions. Additionally, the claimant is limited to occasional bend at waist, occasional push/pull and occasional squat, crawl, kneel stoop or crouch only.

(Tr. 53). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Kitts could perform jobs existing in significant numbers in the national economy and that therefore he was not disabled. (Tr. 57–58).

Mr. Kitts raises two arguments on appeal. First, Mr. Kitts argues that the ALJ should have determined that his chest pain was a severe impairment. Second, Mr. Kitts argues that the ALJ should have found his statements regarding his back pain to be fully credible. Although I find that the ALJ's analysis of Mr. Kitts's chest pain was supported by substantial evidence, because I agree that the ALJ erred in evaluating Mr. Kitts's credibility, remand is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Kitts is not entitled to benefits is correct or incorrect.

Beginning with the unsuccessful argument, Mr. Kitts contends that the ALJ erred in determining that his chest pain was not severe at step two. Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At step two, the claimant bears the burden of production and proof. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

The ALJ's conclusion that Mr. Kitts's chest pain was non-severe was supported by substantial evidence. In support of his argument that his chest pain was severe, Mr. Kitts claims that the ALJ gave insufficient consideration to the fact that there had been a screw penetrating his aorta. Pl.'s Mem. 7–9. However, before determining that Mr. Kitts's chest pain was not severe, the ALJ thoroughly reviewed the medical evidence on the record pertaining to Mr. Kitts's chest pain, including Mr. Kitts's own testimony that his chest pain slows him down but does not stop him from doing the things that he wants to do, and his testimony that since his last stent implantation six months prior, he has had only two severe episodes of chest pain. (Tr. 53). Moreover, Mr. Kitts does not assert any work-related limitations stemming from his chest pain. Indeed, there is nothing in the record to indicate that Mr. Kitts's chest pain significantly limited his ability to do basic work activities during the relevant time period. Accordingly, I find that

the ALJ's determination that Mr. Kitts's chest pain is not severe is supported by substantial evidence.

Mr. Kitts next claims that the ALJ's analysis of his credibility was inadequate. Specifically, he argues that Mr. Kitts's claims concerning his back pain are corroborated by the report of the consultative examiner, Dr. Young. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. In this case, the ALJ found that Mr. Kitts's impairment could reasonably be expected to cause his alleged symptoms, but that Mr. Kitts's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (Tr. 54–55).

Mr. Kitts suffered a work-related fall off of a roof in 1998, for which he underwent spinal fusion surgery in 2001. (Tr. 294–304). By at least 2005, the incision from that surgery began to leak. (Tr. 306–16). However, Mr. Kitts did not undergo an additional surgery to remove the infected hardware from his spine until December 2011. (Tr. 396–97). Mr. Kitts testified that his back pain substantially improved as a result of that second surgery. (Tr. 73) (describing his back pain as 10/10 in 2008 and 5/10 currently); (Tr. 83) (stating that prior to the surgery he experienced pain 24–7, but that he now experiences "bad days" approximately three times per month). This significant improvement is corroborated by comparing the consultative examination report of Dr. Young, and other treatment notes from prior to the second surgery, with treatment notes from after the surgery. On March 3, 2011, Dr. Young performed a consultative examination and reported that Mr. Kitts's initial spinal surgery "left him with chronic persisting unrelenting pain." (Tr. 322). Upon physical examination, Mr. Kitts displayed reduced spinal flexion, a positive straight leg test, and he walked with an abnormal gait. (Tr. 323). In his assessment, Dr. Young opined that Mr. Kitts's pain level was "quite severe." *Id.* In a "new patient evaluation" completed prior to Mr. Kitts's hardware removal surgery, Mr. Kitts rated his pain as 8/10, and reported that his back and leg pain had worsened over the past few years. (Tr. 399–400).

Mr. Kitts's had his second surgery on December 20, 2011. At his two-week follow-up appointment, Dr. Gelb described Mr. Kitts as "doing well," and stated that "his back pain is under good control." (Tr. 395). At his six-week follow up appointment, Dr. Gelb stated that Mr. Kitts was once again "doing well" with "no further wound drainage," and that "his pain is under good control" with "no pain medication." (Tr. 394). However, despite the corroborative evidence and counsel's request at the hearing that the ALJ consider a closed period of disability ending upon recovery from the second surgery, (Tr. 89–90), it does not appear from the ALJ's opinion that he did so, nor did the ALJ explain why a closed period of disability was inappropriate. Although the ALJ provided substantial evidence for his conclusion that Mr. Kitts was not disabled subsequent to the second surgery, I find that the ALJ did not provide substantial

evidence in support of his conclusion that Mr. Kitts was not disabled for some period of time prior to that surgery.

In support of his credibility analysis, the ALJ discussed Mr. Kitts's activities of daily living, the fact that Mr. Kitts stopped working because his company went out of business rather than because of his allegedly disabling impairment, the fact that Mr. Kitts only took Advil for his pain, and the fact that in 2005, he rated the pain from his infection as a 5/10. However, the ALJ failed to mention that Mr. Kitts also testified that while working for that company, subsequent to his initial surgery, he was missing as many as two days per week due to his leaking wound, and that his employer only tolerated his absence because he did not want Mr. Kitts on the job when it was draining. (Tr. 89–90). The ALJ also failed to note that Mr. Kitts took Advil for his pain because, although he had been prescribed Percocet, he ceased taking it because he was allergic. (Tr. 74). The ALJ similarly ignored the fact that immediately prior to his second surgery, Mr. Kitts rated his pain as 8/10. (Tr. 399). Finally, it is unclear from treatment notes whether the extent of the infection was known to Mr. Kitts's physicians prior to the hardware removal surgery and whether knowledge of the infection would have impacted the determination of the State agency physicians, who opined that Mr. Kitts was capable of performing light work. It is not the province of this Court to reweigh the evidence or to substitute its judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Moreover, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). However, the ALJ must provide substantial evidence to support his credibility analysis for the entire relevant period, and I find that he has not done so for the time prior to Mr. Kitts's second surgery. The case is therefore remanded for the ALJ to fulfill his duty of explanation.

Finally, it appears from the record and the hearing transcript that Mr. Kitts previously applied for both DIB and SSI benefits, and that those claims were denied at the initial level on February 12, 2010. (Tr. 65, 228–229). Mr. Kitts's prior claim presumably included his DLI, which is the amended onset date—and entire relevant period—for his DIB claim in this case. If so, *res judicata* may bar Mr. Kitts from reasserting his DIB claim in this case. Although this ambiguity might not merit remand standing alone, because I am remanding on other grounds, the Commissioner should clarify any impact that Mr. Kitts's prior DIB claim has on his DIB claim in this case.

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment (ECF No. 17) and Mr. Kitts's Motion for Summary Judgment (ECF No. 15) are DENIED. The ALJ's opinion is VACATED and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                              Sincerely yours,

                                                    /s/

                                            Stephanie A. Gallagher
                                            United States Magistrate Judge